# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**WILLIAM BURNELL ALEXANDER**                                                      **PLAINTIFF**
**ADC #174730**

**V.**                          **NO. 4:21-cv-00454-LPR-ERE**

**DAKOTA GOFORTH**                                                                **DEFENDANT**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections:

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. Any party may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this Recommendation. If no objections are filed, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, the parties may waive the right to appeal questions of fact.

### II.   Background:

Plaintiff William Burnell Alexander, an Arkansas Division of Correction ("ADC") inmate, filed this *pro se* lawsuit under 42 U.S.C. § 1983. His only

remaining claim is that ADC Sergeant Dakota Goforth, sued in his individual capacity, failed to protect him from an inmate attack.[1]

Sergeant Goforth asserts the defense of qualified immunity and has filed a motion for summary judgment, statement of facts, brief in support, and exhibits. *Docs. 48, 49, 50, 51*. Mr. Alexander has filed a response and statement of facts in opposition *Docs. 54, 55*

For the reasons stated below, the Court finds that the undisputed facts show that Sergeant Goforth is entitled to qualified immunity and recommends that summary judgment be granted in his favor.

### III. Discussion:

#### A. Standard

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material

---

[1] The Court previously dismissed Mr. Alexander's official capacity claim against Sergeant Goforth (*Docs. 22, 26*) and his claims against Dexter Payne, Marshall Dale Reed, and Audrea Culclager. *Docs. 6, 9*.

fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. See Fed. R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

A party is entitled to summary judgment if - but only if - the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56; *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

**B.    Facts Without Material Dispute**

On May 29, 2022, around noon, Sergeant Goforth noticed inmates "crowding together" at the far end of barracks 12B, where Mr. Alexander was housed. *Doc. 48-1 at 1*. A few minutes later, Sergeant Goforth opened the 12B barracks door and observed: (1) blood on the floor; and (2) Mr. Alexander standing at the front of the barracks bleeding from a wound on the right side of his head. *Id. at 1-2*. Sergeant Goforth escorted Mr. Alexander out of the barracks, and ADC staff escorted him to the infirmary.

A security video recording of the underlying incident, which the Court has reviewed, captured the following events:

- 12:03: inmates begin gathering at the back of the barracks.
- 12:03:16: Mr. Alexander, wearing no shirt, stands next to other inmates, who look toward the floor area between two bunks.
- 12:03:16: Mr. Alexander disappears from view.

- 12:04:56: Mr. Alexander stands with his back against the wall.
- 12:04:59: Mr. Alexander steps over several bunks and walks toward the front of the barracks.
- 12:05:55: Sergeant Goforth enters and walks toward the back of the barracks. Mr. Alexander follows him.
- 12:07:10: Sergeant Goforth disappears from view.
- 12:07:37: An inmate wraps a shirt around Mr. Alexander's arm.
- 12:08:08: Sergeant Goforth removes Mr. Alexander from the barracks.

It is undisputed that, due to the location of the security camera, neither the attack nor the inmates involved can be seen. *Doc. 48-2 at 1, 6, 8*.

### C.   Qualified immunity

Qualified immunity shields government employees sued in their individual capacities "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

"When a defendant asserts qualified immunity at the summary judgment stage, the plaintiff must produce evidence sufficient to create a genuine issue of fact regarding whether the defendant violated a clearly established right." *Henderson as Trustee for Henderson v. City of Woodbury*, 909 F.3d 933, 939 (8th Cir. 2018) (quoting *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013)). "To defeat a claim

of qualified immunity, a plaintiff . . . must . . . show both that the officer's conduct violated a constitutional right, and that the constitutional right was clearly established." *Bishop*, 723 F.3d at 961 (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)).

### D.     Failure to Protect

The Eighth Amendment requires prison officials to protect convicted prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, prison officials do not commit a constitutional violation every time one prisoner attacks another. *Patterson v. Kelley,* 902 F.3d 845, 851 (8th Cir. 2018); *Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007); *Blades v. Schuetzle*, 302 F.3d 801, 803-04 (8th Cir. 2002). Instead, prison officials must "take reasonable measures to guarantee inmate safety," and they violate the Eighth Amendment "only when they exhibit a deliberate or callous indifference to an inmate's safety." *Patterson*, 902 F.3d at 851 (omitting internal quotations and citation).

In cases involving inmate-on-inmate attacks, the deliberate indifference standard requires that prison officials !"take reasonable measures to abate substantial risks of serious harm, of which the officials are aware." *Blades,* 302 F.3d at 803 (quoting *Reece v. Groose,* 60 F.3d 487, 491 (8th Cir. 1995)). Therefore, to sustain his claim that Sergeant Goforth failed to protect him, Mr. Alexander must come forward with evidence that: (1) he was incarcerated under conditions that,

5

objectively, posed a substantial risk of serious harm; (2) Sergeant Goforth was subjectively aware that Mr. Alexander faced a serious risk of harm; and (3) Sergeant Goforth disregarded that risk by failing to take reasonable measures to abate it. *Patterson*, 902 F.3d at 851 (citations omitted). "The second requirement is a subjective test; the defendant must be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference.'" *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010) (quoting *Farmer*, 511 U.S. at 837).

Here, accepting that Mr. Alexander faced a substantial risk of serious harm when inmates attacked him, he has failed to present any evidence that Sergeant Goforth was either aware of the impending assault in time to prevent it or that he failed to act reasonably to stop it. In his complaint, Mr. Alexander alleged that Sergeant Goforth watched inmates attack him but failed to intervene to stop the fight or assist him. *Doc. 1 at 4.* In a supplement to his complaint, he alleged that Sergeant Goforth stood fifteen feet away and watched inmates surround him, continuously strike him with closed fists, and stab him and that the brutal attack lasted "5 to 10 full minutes."[2] *Doc. 15 at 1-2*.

---

[2] In addition, Mr. Alexander alleged that Sergeant Goforth saw him running to the front of the barracks, attempting to have Sergeant Goforth open the door. *Doc. 2 at 2*. Although the security video footage shows that Mr. Alexander walked toward the front of the barracks at 12:04:59, contrary to his complaint allegations, he never ran.

In his statement of facts in opposition to summary judgment, Mr. Alexander states that at an unspecified "moment" between 12:03 and 12:04:56, he noticed Sergeant Goforth "watching the assault." *Doc. 55 at 2*. However, the sequence of events shown on the video footage indicates that the assault did not occur until after the 12:03:16 mark, when Mr. Alexander and other inmates, with their backs to the camera, stand together, looking at the floor at the back of the barracks. Sergeant Goforth cannot be seen on the video at this point, but if he was there, it is impossible to know what he was able to see.

At 12:03:16, Mr. Alexander disappears from the group of inmate observers, and he reappears at 12:04:56, standing against a wall. In his statement of facts, Mr. Alexander asserts that the reason he cannot be seen from 12:03:16 until 12:04:56 is because he "was on the floor fighting for his life." *Id. at 2*. The assault then, according to the Court's review of the video footage and Mr. Alexander's statement, most likely occurred from 12:03:16 until 12:04:56 and lasted approximately two minutes, not five to ten minutes as the complaint alleged. Also significant, Mr. Alexander does not contend that the "moment" that he noticed Sergeant Goforth "watching the assault" occurred while he was on the floor fighting for his life. Finally, the video shows Sergeant Goforth enter the barracks at 12:05:55, suggesting that he may not have even been present while the assault was taking place.

Even assuming Sergeant Goforth observed the assault, which is far from clear, there is no evidence that he failed to take reasonable measures to abate harm to Mr. Alexander. The undisputed record shows that the inmate attack was unexpected and occurred quickly. The Eighth Circuit has repeatedly recognized that qualified immunity shields prison officials from Eighth Amendment, failure to protect claims that arises from a surprise attack by another inmate. *Vandevender v. Sass*, 970 F.3d 972, 976 (8th Cir. 2020); *Schoelch v. Mitchell*, 625 F.3d 1041, 1047-48 (8th Cir. 2010); *Tucker v. Evans*, 276 F.3d 999, 1001-02 (8th Cir. 2002); *Curry v. Crist*, 226 F.3d 974, 978 (8th Cir. 2000); *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998); *Prosser v. Ross*, 70 F.3d 1005, 1007 (8th Cir. 1995); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990). The record is simply void of any facts to support a finding that Sergeant Goforth had either the opportunity or a duty to intervene. *Prosser v. Ross*, 70 F.3d 1005, 1008 (8th Cir. 1995) (citing *Arnold v. Jones,* 891 F.2d 1370, 1373 (8th Cir.1989) ("But we have held that prison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm.").

Mr. Alexander's unsubstantiated allegations are insufficient to create a material issue of disputed fact. See *Scott v. Harris*, 550 U.S. 372, 380-81 (2007) ("When opposing parties tell two different stories, one of which is blatantly

contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); see also *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007) ("Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment."). Mr. Alexander has failed to present credible evidence that Sergeant Goforth had sufficient information to support a reasonable inference he faced a significant risk of harm at the time of the attack. Nor is there any evidence to suggest that Sergeant Goforth disregarded any serious risk of harm to Mr. Alexander. As a result, Sergeant Goforth is entitled to qualified immunity.

### IV.   Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.   Sergeant Goforth's motion for summary judgment *(Doc. 48)* be GRANTED and judgment be entered in Sergeant Goforth's favor.

2.   The Clerk be instructed to close this case.

Dated this 24th day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE