## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**WILLIAM BURNELL ALEXANDER**                                              **PLAINTIFF**
**ADC #174730**

**v.**                                        **Case No. 4:21-CV-00454-LPR**

**DAKOTA GOFORTH**                                                          **DEFENDANT**

### ORDER

The Court has received a Recommended Disposition (RD) from Magistrate Judge Edie R. Ervin.[1]  No objections have been filed, and the time for doing so has expired.  After making a *de novo* review of the RD and the record in this case, the Court concludes that the RD should be, and hereby is, approved and adopted.[2]

Defendant Goforth's Motion for Summary Judgment is GRANTED.[3]  Judgment shall be entered accordingly, and this case will be CLOSED.  The Court certifies pursuant to 28 U.S.C. §

---

[1] Doc. 56.

[2] When the Court initially reviewed Judge Ervin's RD, the Court was skeptical that it would approve the RD and grant summary judgment.  That is because the Court had read Mr. Alexander's written submissions as Mr. Alexander testifying that (1) he saw Mr. Goforth looking directly at him when the fight broke out, but (2) Mr. Goforth did not do anything to stop the fight he observed for almost two minutes.  *See* Mar. 3, 2023 Hr'g Tr. (Rough) at 15–16.  The Court held a summary-judgment hearing, in part to confirm whether the Court's reading of Mr. Alexander's written submissions was correct.  At that hearing, Mr. Alexander clarified that his written submissions were not testimony that he saw Mr. Goforth looking directly at him when the fight began and during the fight.  *See id.* at 16–19.  Instead, Mr. Alexander explained that his written testimony was simply that he saw Mr. Goforth looking into the barracks at the time the fight began.  *See id.*  That is not enough to generate a genuine dispute of material fact as to whether Mr. Goforth was deliberately indifferent to a serious physical threat to Mr. Alexander.  The barracks is a relatively large space.  *See* Ex. 6 (Barracks 12B Video) to Def.'s Mot. for Summ. J. (Doc. 48-6) (on file with the Court).  And the fight took place near the back corner of that relatively large space, where a bunch of prisoners were congregated in a way that made it difficult to see what was going on.  *See id.*  Just because Mr. Goforth was looking into the barracks, generally, does not mean that Mr. Goforth saw the fight in the back corner of the barracks.  And it certainly doesn't mean he saw the fight when it started and watched that fight (but took no other action) for almost two minutes.  To make the leap from Mr. Alexander's written testimony to a finding of deliberate indifference, a rational juror would have to speculate as to where Mr. Goforth was looking (and what he saw) when the fight broke out.  Such speculation is not allowed.  Accordingly, summary judgment is appropriate, and the Court adopts Judge Ervin's RD to the extent it is consistent with the reasoning in this footnote.

[3] Doc. 48.

1915(a)(3) that an *in forma pauperis* appeal of this Order, previous Orders, or the accompanying Judgment would not be taken in good faith.

    IT IS SO ORDERED this 9th day of March 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE